IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, and JANE DOE 7,<br>    Plaintiffs,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01035-JEH |
| JANE DOE 8,<br>    Plaintiff,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01036-JEH |

| | |
|---|---|
| JANE DOE 9,<br>    Plaintiff,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01037-JEH |

## Order

Now before the Court are the Plaintiffs Jane Does 1-7, 8, and 9's Rule 56(d) Motions to Postpone Summary Judgment Decision Pending Discovery (D. 93, D. 86, D. 86).[1] This matter is fully briefed. For the reasons set forth, *infra*, the Motions are GRANTED.

**I**

Shortly after Stark County, Sheriff Steven Sloan, Gary Bent, and the City of Toulon, Illinois were added as Defendants in this case in May 2024, the Court vacated all deadlines and hearing to be reset upon the disposition of anticipated motions to dismiss. On March 5, 2025, the Court entered an Order (D. 86, D. 79, D. 79)[2] granting Defendants Stark County and Sheriff Steven Sloan's Motion to Dismiss the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 77, D. 70, D. 70) and granting in part and denying in part Defendants Gary Bent

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiffs' three civil lawsuits – Case Nos. 1:23-cv-01035, 1:23-cv-01036, 1:23-cv-01037 – were consolidated for purposes of discovery in August 2023.

2

and the City of Toulon, Illinois' Motion to Dismiss Plaintiffs' Second Amended Complaints Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D. 80, D. 73, D. 73). As a result of that Order, only the Plaintiffs' claims against Defendant Jason Musselman and the Plaintiffs' claims against Defendant City of Toulon (Toulon) for Illinois state law intrusion upon seclusion under a *respondeat superior* theory of liability remain.

Pursuant to the parties' subsequent Joint Status Report (D. 87, D. 80, D. 80), the Court set Defendant Toulon's answer deadline for April 1, 2025, its dispositive motion deadline for April 14, 2025, and the Plaintiffs' response deadline for May 5, 2025. Defendant Toulon timely filed its Answer (D. 88, D. 81, D. 81) and Motion for Summary Judgment (D. 90, D. 83, D. 83). Meanwhile, the Plaintiffs sought and were denied reconsideration of the Court's dismissal of their 42 U.S.C. § 1983 claims, though their request for final judgment as to those claims was granted. *See* 4/29/2025 Order (D. 91, D. 84, D. 84). Finally, on May 5, 2025, the Plaintiffs filed the instant Rule 56(d) Motions to Postpone Summary Judgment Decision Pending Discovery.

## II

In their Motions to Postpone, the Plaintiffs argue they have had no opportunity to conduct discovery with Defendant Toulon, there is no discovery plan, and the parties have made no initial disclosures relative to the intrusion upon seclusion cause of action. Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

3

A Rule 56(d) "motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *see also Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019) ("A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence.").

Here, the Plaintiffs emphasize that Gary D. Bent's, former City of Toulon, Illinois Chief of Police and former Deputy Sheriff of Stark County, Illinois, Declaration, attached to Toulon's Motion for Summary Judgment, cannot be disputed by them purely because no discovery has been permitted. They provide as examples, among others: Bent's statements as to the responsibilities and powers of the officers in the Toulon Police Department without Toulon's production of any policies, procedures, job descriptions, or other documentation supporting said powers and responsibilities; Bent's citation to statutory authority to argue Sheriff Sloan possessed the power to call Musselman to his aid without any opportunity to seek discovery to combat that argument; and Bent's affidavit seeking to redefine terms used within his January 19, 2019 Incident Report[3] to better support Toulon's arguments actually creates more questions of facts.

The Plaintiffs attached to their Motion to Postpone their lead counsel David L. Wentworth II's Declaration. (D. 93-1 at ECF pp. 18-24); (D. 86-1 at ECF pp. 18-24); (D. 86-1 at ECF pp. 18-24). It provides that the Plaintiffs and Defendant Musselman engaged in discovery pursuant to a July 2023 discovery plan, though the deadlines and hearings set in the revised version of that plan were vacated to

---

[3] The Plaintiffs indicate they obtained "little evidence" through third-party subpoenas prior to Defendant Toulon and Stark County, Illinois becoming parties in this matter. Pls.' Mot. to Postpone (D. 93-1 at ECF p. 4); (D. 86-1 at ECF p. 4); (D. 86-1 at ECF p. 4).

4

be reset upon the disposition of the newly added Defendants' motions to dismiss. The Declaration further provides that to date, the Plaintiffs have not been permitted to issue any party discovery to Stark County or the City of Toulon. Attorney Wentworth explains the Plaintiffs have been diligent in pursuing discovery, but the focus on resolution of the Section 1983 qualified immunity issues were frontloaded before any discovery was allowed, the Plaintiffs are prepared to proceed to discovery on their sole remaining claim against Toulon, and discovery is necessary so that Plaintiffs can respond to Toulon's claim that Musselman was acting outside of the scope of his employment. Wentworth Decl. (D. 93-1 at ECF p. 22); (D. 86-1 at ECF p. 22); (D. 86-1 at ECF p. 22).

In opposing the Plaintiffs' Motions to Postpone, Defendant Toulon argues it moved for summary judgment relying overwhelmingly upon the allegations in the Plaintiffs' Second Amended Complaints, and no amount of discovery will save the Plaintiffs' *respondeat superior* claim from summary judgment, making their Rule 56(d) Motion futile. Defendant Toulon speaks of legal impossibility and lacking factual allegations, and so the Second Amended Complaints are susceptible to summary judgment at this time. Defendant Toulon's arguments in opposition gloss over two things: 1) its Motion for Summary Judgment was filed less than two months after the Court denied its Motion to Dismiss as to the intrusion upon seclusion claim against it, during which time further discovery did not take place; and 2) it relies, in part, upon Bent's Declaration though the Plaintiffs have not been afforded an opportunity to depose Bent. Those two things, coupled with the Plaintiffs' stated reasons for the necessity of discovery, doom Toulon's opposition to the Plaintiffs' Motions to Postpone.

The Court found the Plaintiffs' allegations as to their intrusion upon seclusion claim based on a *respondeat superior* theory of liability against Toulon sufficient to survive motions to dismiss such that they could proceed to discovery

5

on that claim. To cut them off from doing so soon thereafter, particularly where the opposing party has injected questions of fact into the mix via a Declaration in support of its summary judgment motion, would preclude the just determination of this action. *See* FED. R. CIV. P. 1 (stating the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also Smith*, 933 F.3d at 865 ("decisions on Rule 56(d) motions—whether granted or denied—can be a critical tool in fair case management"). So too would limiting any discovery as alternatively argued for by Defendant Toulon (i.e., all discovery relevant and proportional to Toulon's summary judgment motion and only as to liability topics). Def. Toulon Resp. (D. 94 at ECF p. 6); (D. 87 at ECF p. 6); (D. 87 at ECF p. 6). The Court instead adheres to Federal Rule of Civil Procedure 26(b)(1) which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

Attorney Wentworth's Declaration identifies "with specificity the information that additional discovery is expected to uncover." *F.C. Bloxom Co. v. Tom Lange Co. Int'l, Inc.*, 109 F.4th 925, 936 (7th Cir. 2024). The nonmovant Plaintiffs have met their burden in showing they cannot at this time present facts essential to justify their opposition to Defendant Toulon's Motion for Summary Judgment (D. 90, D. 83, D. 83). The Court will allow time to take discovery *on all the claims remaining in this case*.

### III

For the reasons set forth, *supra*, Plaintiffs Jane Does 1-7, 8, and 9's Rule 56(d) Motions to Postpone Summary Judgment Decision Pending Discovery (D. 93, D. 86, D. 86) are GRANTED. Defendant City of Toulon, Illinois' Motion for Summary Judgment (D. 90, D. 83, D. 83) is DENIED WITHOUT PREJUDICE as premature.

This matter is referred to Magistrate Judge Ronald L. Hanna for a Rule 16 Scheduling Conference.

*It is so ordered.*

Entered on May 29, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE